**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LEONARD ZAX and**<br>**HELEN ZAX, His Wife**<br>**2660 Connecticut Avenue, NW**<br>**Apartment 4B**<br>**Washington, DC 20008**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,**<br>**1 Massachusetts Avenue NW**<br>**Washington, DC 20001**<br><br>**SERVE: CT CORPORATION SYSTEM**<br>**1015 15th Street NW, Suite 1000**<br>**Washington, DC 20005**<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. ______________________** |

## COMPLAINT FOR DAMAGES

Plaintiffs, Leonard Zax and Helen Zax, by and through undersigned counsel and the law firm of Regan Zambri Long PLLC, hereby sues Defendant and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C § 1331, federal question jurisdiction, because Defendant Amtrak is regulated by the laws of the United States.

2. Venue in this Court is proper pursuant to 28 U.S.C § 1391(b) because the Defendant Amtrak has its principal place of business in the District of Columbia.

## PARTIES

3. Plaintiffs Leonard Zax and Helen Zax are at all times relevant herein adult citizens and residents of the District of Columbia.

4. Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") is a corporation or other business entity with a principal place of business and/or an office for acceptance of service at 1 Massachusetts Avenue, Washington, D.C. 20001, and regularly conducts business in the District of Columbia.

5. At all times relevant, Defendant was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendant.

## FACTS

6. On January 23, 2024, Plaintiff Leonard Zax ("Mr. Zax") was a passenger on board Train 184 that was owned, operated, maintained, and controlled by Defendant Amtrak.

7. At approximately 1:15 p.m., Train 184 departed from Union Station in Washington, DC.

8. Train 184 made multiple stops along the way, including 30th Street Station in Philadelphia, PA, where Mr. Zax and his wife left the train.

9. Defendant Amtrak urges passengers walking through trains to hold onto overhead bins and/or the back of passenger seats, and this approach is delivered to

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036
202-463-3030

passengers, including Mr. Zax, through periodic speaker announcements on trains and through various written notices inside each train station.

10. Sometime before arriving at 30th Street Station in Philadelphia, PA, Defendant Amtrak, through its train engineer(s), operator(s), employee(s), and/or otherwise, caused Train 184 to suddenly, and without warning, travel at a grossly excessive speed while rounding a sharp curve absent any announcement warning passengers to hold onto overhead bins or passenger seats.

11. At this time, Mr. Zax was carefully walking through the train inside one end of the café car, where an approximate 8-10 foot section of train had nothing to hold onto such as overhead bins, passenger seats, and absentee safety handle rails.

12. Due to the force of the speed, momentum and without having anything to safely hold onto, Mr. Zax was violently thrown about and spinning between both sides of the train, hitting his arms and wrists on various hard metal objects before being slammed onto the left corner of the train, where his lower back was crushed into a large metal bolt on the floor intended to anchor a possible wheelchair.

13. Mr. Zax suffered extensive injuries and bleeding, causing café car crew members to assist Mr. Zax.

14. During the process of attempting to assist Mr. Zax with his injuries, the Amtrak employees discovered they had no first aid kit or equipment on the train to address the severity of Mr. Zax's injuries. This lack of appropriate medical and first aid violated both federal law as well as Amtrak's own safety guidelines.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

15. As a direct and proximate result of Defendant Amtrak's negligence in the operation of the train, Mr. Zax suffered severe injuries including, but not limited to a twisted ankle, bleeding cuts and bruises to his right arm, cervicalgia, low back pain, injury to spine in cervical region, injury to spine in lumber region, wrist pain, impaired sensory balance and strength, and injury to shoulder.

16. As a further direct and proximate result of Defendant Amtrak's negligence in the operation of the train, Mr. Zax was incurred, and will continue to incur, substantial medical expenses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

**COUNT I**
**(Negligence)**

17. Plaintiff Leonard Zax incorporates, by reference, the above paragraphs, and further alleges that Train 184 was operated by Defendant Amtrak at the time of the incident resulting in severe injuries to Mr. Zax.

18. Mr. Zax alleges that Defendant Amtrak owed its passengers the highest duty to ensure their safety during their travels.

19. Mr. Zax further alleges that he trusted and relied upon Amtrak to transport him safety to his destination - Defendant Amtrak controlled the train route, the tracks, signals on the tracks, safety signals and communications inside the train, the speed of the train, and the engineering of the inside of the train to ensure safety of passengers throughout all cabins of the train.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036
202-463-3030

20. Mr. Zax alleges that Defendant Amtrak, by and through its employees and/or agents, breached the duty owed to Mr. Zax and were negligent in some or all of the following ways:

a. By operating Train 184 over the legal and proper speed limit;

b. By operating Train 184at a high speed while rounding a curve;

c. By failing to slow down as Train 184 approached the dangerous curve resulting in the fall and subsequent injuries to Mr. Zax;

d. By failing to adequately train the operator and crew on the train;

e. By hiring an incompetent operator, engineer and/or crew to operate the train;

f. By failing to effectively communicate safety precautions to passengers to ensure all passengers are safe while walking through the train;

g. By violating governmental statutes, regulations and requirements with respect to the train and train system in question;

h. By failing to comply with the Defendant's own safety, operating, and other rules, procedures and regulations;

i. By failing to have a First-Aid kit on board Train 184;

j. By failing to ensure proper safety equipment, such as handrails, were placed within the entire train to prevent injuries and falls to passengers; and,

k. By not timely applying brakes or otherwise taking appropriate action to avoid or minimize the incident and subsequent injuries at issue.

21. As a direct and proximate result of Defendant Amtrak's negligence, Mr. Zax has suffered the numerous severe injuries described in the above paragraphs.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

22. As a further direct and proximate result of the Defendant Amtrak's negligence, Mr. Zax has incurred and will continue to incur substantial medical expenses, and has suffered and will continue to suffer severe physical pain, mental anguish, and decreased quality of life.

## COUNT II
**(Loss of Consortium: Plaintiff Helen Zax)**

23. Plaintiffs incorporate by reference the preceding paragraphs and further allege that Plaintiff Helen Zax is the wife of Plaintiff Leonard Zax.

24. Plaintiff Helen Zax further alleges that as a direct result of the negligent acts and omissions of Defendant Amtrak, as previously described, she has spent considerable time caring for and assisting her husband from the time of the incident to the present and will spend considerable time caring for and assisting her husband in the future.

25. As a direct result of the incident, Plaintiff Helen Zax has sustained losses of society, companionship, and consortium.

WHEREFORE Plaintiff Leonard Zax demands judgment against Defendant Amtrak in the full and just amount of Five Million Dollars ($5,000,000.00) plus interest and costs of this proceeding.

WHEREFORE Plaintiff Helen Zax demands judgement against Defendant Amtrak in the full and just amount of Two Million Dollars ($2,000,000.00) plus interest and costs of this proceeding.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

**JURY DEMAND**

Plaintiffs respectfully requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG

By: ***/s/ Patrick M. Regan***

Patrick M. Regan #336107
pregan@reganfirm.com
Emily Lagan #1645159
elagan@reganfirm.com
1919 M Street, NW, Suite 600
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiffs*